# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE: **YADIRA RODRIGUEZ MURIEL**
SSN xxx-xx-5418

Debtor(s)

CASE NO: **22-02743-EAG**

**Chapter 13**

## TRUSTEE'S OBJECTION TO PROPOSED PLAN CONFIRMATION UNDER SECTION 1325

**\*ATTORNEY FEES AS PER R 2016(b) STATEMENT:**

Attorney of Record: **ROBERTO FIGUEROA CARRASQUILLO\***

Total Agreed: **$4,000.00**    Paid Pre-Petition: **$335.00**    Outstanding (Through the Plan): **$3,665.00**

**\*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1325**

**Debtor's/s' Commitment Period:** ☐ Under Median Income 36 months  ☑ Above Median Income 60 months §1325(b)(1)(B)
☐ The Trustee cannot determine debtor's/s' commitment period at this time.    Projected Disposable Income: **$0.00**

**Liquidation Value: $277.00    Estimated Priority Debt: $5,582.81**

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00

With respect to the (amended) Plan date: **Sep 14, 2022  (Dkt  4)**    **Plan Base: $15,900.00**

**The Trustee:**    ☐ **DOES NOT OBJECT**    ☑ **OBJECTS**    Plan Confirmation    Gen. Uns. Approx. Dist.: TBD %

The Trustee objects to confirmation for the following reasons:

---

**[1325(a)(1)] Failure to comply with her/his/their duties.[11 U.S.C.704(a)(4) and 1302(b)(1)]**

Debtor has failed to submit the insurance quote for the vehicle that Debtor will pay to BPPR through the plan.

**[1325(a)(5)] Plan fails to comply with required treatment of allowed Secured Claims.**

The plan fails to provide treatment for secured claim 2 by Popular Auto. Debtor claims that the plan will be amended to pay such debt in full.

**[1325(b)(1)(B)] Projected Disposable Income** – Debtor(s) fails to apply projected disposable income, to be received during applicable commitment period, to make payments to unsecured creditors under the plan. [1322(a)(1)]

- Fails to disclose income.

Debtor has failed to list the Christmas bonus in the Schedule I.

**Adequate Protection Payments**

- Section 4.6 of the plan: Debtor failed to include complete information regarding the payment of insurance (insurance cover beginning date and/or estimated amount to be paid by the Trustee).

Debtor has failed to include insurance expense for the secured claim debtor will pay in full to Popular through the plan.

It seems like the insurance expense should be computed since the beginning of the case.

Part 5: Treatment of Nonpriority Unsecured Claims

**Part 5: Treatment of Nonpriority Unsecured Claims**

Section 5 will be amended to eliminate liquidation value.

**\*OTHER COMMENTS / OBJECTIONS**

Popular Mortgage, secured creditor provided for in the plan, is yet to file its proof of claim.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: October 24, 2022

/s/ Nannette Godreau, Esq.

Last Docket Verified: 12    Last Claim Verified: 3    CMC: NM